UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6656 CAS (PJWx) | Date | August 6, 2012 |
|---|---|---|---|
| Title | THE BANK OF NEW YORK, ET Al. v. ANDREA DUNLAP, ET Al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers) ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED

## I.   INTRODUCTION

On April 27, 2012, plaintiffs The Banke of New York et al. filed an unlawful detainer action in the Los Angeles County Superior Court against *pro se* defendant Andrea Dunlap.

On August 1, 2012, defendant filed a notice of removal to this Court pursuant to 28 U.S.C. § 1146.  Defendant asserts that this Court has jurisdiction based on federal question pursuant to 28 U.S.C. § 1331 and diversity of citizenship pursuant to 28 U.S.C. § 1332.  Specifically, defendant argues that a federal questions exist because she asserts claims for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq., and for violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq.  Dkt. No. 1 at ¶¶ 9–10.  Defendant also asserts that this Court may exercise jurisdiction because plaintiffs and defendant are citizens of difference states and the amount in controversy exceeds $75,000.  Id. at ¶ 11.  Finally, defendant asserts that removal is proper pursuant to 28 U.S.C. § 1443 because she "will be unable to protect her federal rights in state court."  Dkt. No. 1 at ¶ 23.

## II.   ANALYSIS

As an initial matter, defendant's removal appears to be untimely.  Pursuant to 28 U.S.C. § 1446(b), a notice of removal in a civil action must be filed within thirty days after the defendant receives a copy of the complaint or summons.  Here, the action was initiated on April 27, 2012, yet defendant did not remove until August 1, 2012.  Thus, the removal appears to be untimely.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6656 CAS (PJWx) | Date | August 6, 2012 |
|---|---|---|---|
| Title | THE BANK OF NEW YORK, ET Al. v. ANDREA DUNLAP, ET Al. | | |

Furthermore, the law is clear that "[u]nlawful detainer actions are strictly within the province of state court." Federal Nat'l Mort. Assoc. v. Suarez, 2011 U.S. Dist. LEXIS 82300, *6 (E.D. Cal. Jul. 27, 2011); Deutsche Bank Nat'l Trust Co. v. Leonardo, 2011 U.S. Dist. LEXIS 83854, *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law."). A defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal must fail. McAtee v. Capital One, F.S.B., 479 F.3d 1143, 1145 (9th Cir. 2007).

Here, the only claim asserted by plaintiffs is for unlawful detainer. Defendant cannot create federal subject matter jurisdiction by adding claims or asserting defenses. McAtee, 479 F.3d at 1145. Accordingly, the Court appears to lack subject matter jurisdiction on the basis of a federal question.

Defendant's invocation of the Court's diversity jurisdiction also appears misplaced. A federal court has "diversity" subject matter jurisdiction over a claim between parties that are citizens of different states that involves an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332. Here, plaintiffs' complaint affirmatively alleges that they seek damages less than $10,000. Therefore, it appears that the Court may not exercise diversity jurisdiction over this action.

Finally, defendant has failed to allege any facts to show that the California state court deprived her of her equal protection rights and therefore that she is entitled to remove this action to federal court pursuant to 28 U.S.C. § 1443. Section 1443 provides that a civil action "against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States" may be removed to federal court. Defendant has not raised "any explicit statutory enactment protecting equal racial civil rights" as a defense to the unlawful detainer action, nor has she alleged any facts to show that the state court refused to enforce such a statute. See Patel v. Del Taco, Inc., 446 F.3d 996, 999 (9th Cir. 2006) (quoting California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6656 CAS (PJWx) | Date | August 6, 2012 |
|---|---|---|---|
| Title | THE BANK OF NEW YORK, ET Al. v. ANDREA DUNLAP, ET Al. | | |

## III. CONCLUSION

In accordance with the foregoing, defendant is hereby ORDERED to SHOW CAUSE on or before August 27, 2012, why the instant action should not be remanded for lack of subject matter jurisdiction.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |